NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARCTIC SLOPE NATIVE ASSOCIATION, LTD.,**
*Appellant,*

**v.**

**KATHLEEN SEBELIUS, SECRETARY OF HEALTH AND HUMAN SERVICES,**
*Appellee.*

---

2010-1013

---

Appeal from the Civilian Board of Contract Appeals in case nos. 294-ISDA, 295-ISDA, 296-ISDA, and 297-ISDA, Administrative Judges Candida S. Steel and Jeri Kaylene Somers.

---

Before LOURIE, BRYSON, and DYK, *Circuit Judges.*

DYK, *Circuit Judge.*

## ORDER

This case returns to us on remand from the Supreme Court "for further consideration in light of *Salazar v. Ramah Navajo Chapter*, 567 U.S. ___ (2012)." *Arctic Slope Native Ass'n v. Sebelius*, No. 11-83, 2012 WL 2368663, at *1 (June 25, 2012). We agree with the parties that under *Ramah Navajo*, the government must pay Arctic Slope Native Association's ("ASNA") contract support costs shortfall for fiscal years 1999 and 2000, and

that all that remains is for the Civilian Board of Contract Appeals ("Board") to calculate the costs to which ASNA is entitled. Accordingly, we remand to the Board for that purpose.

I

As described more fully in our previous opinion, *Arctic Slope Native Association v. Sebelius*, 629 F.3d 1296, 1298-99 (Fed. Cir. 2010), the Indian Self-Determination Act ("ISDA"), Pub. L. No. 93-638, 88 Stat. 2203 (codified at 25 U.S.C. §§ 450-450n), as amended in 1994, authorizes the Secretaries of the Department of the Interior and the Department of Health and Human Services to enter into self-determination contracts with tribes, pursuant to which the tribes supply services, such as health, law enforcement, and education, that the government might otherwise provide. The ISDA and the self-determination contracts require that the appropriate Secretary pay the tribal contractors' indirect costs of providing the contracted services, including what are referred to as "contract support costs." However, under both the ISDA and the self-determination contracts, the Secretary's obligation to pay contract support costs is "subject to the availability of appropriations." 25 U.S.C. § 450j-1(b). Additionally, under the ISDA, "the Secretary is not required to reduce funding for programs, projects, or activities serving a tribe to make funds available to another tribe or tribal organization." *Id.*

This case involves the question of whether the Secretary of Health and Human Services is required to pay the full amount of contract support costs incurred by ASNA in fiscal years 1999 and 2000 when Congress did not appropriate sufficient funds to pay in full the aggregate amount of contract support costs incurred by all contracting tribes in those years. When the case was previously before this court, we held that because of an explicit statutory cap on funds available to pay contract support costs in the rele-

vant years and because of the restriction in the ISDA on reallocating funds from one tribe to another, "ASNA [was] not entitled to payment of its [contract support costs] shortfall for fiscal years 1999 and 2000." *Arctic Slope*, 629 F.3d at 1306.

Subsequent to our decision in *Arctic Slope*, the Supreme Court decided *Ramah Navajo*. In *Ramah Navajo*, several tribes brought suit against the Secretary of the Interior, alleging that the Secretary failed to pay the full amount of contract support costs required under the tribes' self-determination contracts for fiscal years 1994 through 2001. The Supreme Court held that in accordance with ordinary government contracting principles the Secretary was required to pay all the contract support costs for the 1994-2001 contracts, even if the congressional appropriation for such costs was insufficient to pay the contract support costs for all the contracts, so long as the appropriation was sufficient to cover the costs for each individual tribe's contract. 132 S. Ct. 2181, 2186 (2012). It explained that

> [o]nce "Congress has appropriated sufficient legally unrestricted funds to pay the contracts at issue, the Government normally cannot back out of a promise to pay on grounds of insufficient appropriations, even if the contract uses language such as 'subject to the availability of appropriations,' and even if an agency's total lump-sum appropriation is insufficient to pay *all* the contracts the agency has made."

*Id.* at 2190 (quoting *Cherokee Nation of Okla. v. Leavitt*, 543 U.S. 631, 637 (2005)).

After *Ramah Navajo*, the Supreme Court granted a petition for writ of certiorari in *Arctic Slope*, vacated our previous judgment, and remanded the case to us for further consideration in light of *Ramah Navajo*. *Arctic Slope*, 2012 WL 2368663, at *1. We sought further brief-

ing from the parties "addressing whether the Supreme Court's opinion in *Salazar* establishes that the government is liable for Arctic Slope Native Association's contract support costs for fiscal years 1999 and 2000, and that all that remains for us to do is remand to the Civilian Board of Contract Appeals for a calculation of damages." Order, *Arctic Slope Native Ass'n v. Sebelius*, No. 2010-1013, slip op. at 1-2 (Aug. 3, 2012). Both parties submitted additional briefs and agreed that *Ramah Navajo* establishes the government's liability. They also agreed that all that remains is the calculation of damages by the Board. Gov't Supplemental Br. at 1 ("The Government agrees that all that remains for this Court to do is remand to the [Board] for a calculation of the contract support costs to which [ASNA] is entitled."); ASNA Supplemental Br. at 1 ("Appellant . . . agrees that the *Salazar* Opinion establishes the government's liability for ASNA's contracts support costs, and that all that remains is the calculation of damages before the [Board]."). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(10).

We agree that the Supreme Court's decision in *Ramah Navajo* is controlling and that the Secretary is obligated to pay all of the disputed contract support costs for fiscal years 1999 and 2000. In both *Ramah Navajo* and the present case, the tribes entered into self-determination contracts based on the same model contract provided for in ISDA. *See* 25 U.S.C. § 450*l*(c). Both the contracts at issue in *Ramah Navajo* and the contract with ASNA at issue here provided that "[s]ubject to the availability of appropriations, the Secretary shall make available to the Contractor the total amount specified in the annual funding agreement." *Id.* All self-determination contracts were entered into pursuant to and under the limitations established by the same statutory authority—the ISDA. Furthermore, the years in question here (1999 and 2000) were also at issue in *Ramah Navajo*, which addressed Congress's appropria-

tions for contract support costs in all years between 1994 and 2001. Although *Ramah Navajo* dealt with appropriations to the Bureau of Indian Affairs and this case concerns appropriations to the Indian Health Service under the Department of Health and Human Services, in both years the appropriations were made in the same Act, *see* Consolidated Appropriations Act, 2000, Pub. L. No. 106-113, 113 Stat. 1501 (1999); Omnibus Consolidated & Emergency Supplemental Appropriations Act, 1999, Pub. L. No. 105-277, 112 Stat. 2681, and used essentially identical language, *see, e.g.*, Consolidated Appropriations Act, 2000, Pub. L. No. 106-113 (stating, with respect to the Department of Health and Human Services, that "not to exceed $228,781,000 shall be for payments to tribes and tribal organizations for contract or grant support costs," and, with respect to the Bureau of Indian Affairs, that "not to exceed $120,229,000 shall be available for payments to tribes and tribal organizations for contract support costs"). We see no reason why the two cases should be treated differently.

II

The parties have indicated an interest in settling this case using this court's mediator and request that we retain jurisdiction for a six month period. *See* ASNA Supplemental Br. at 2 ("ANSA is also of the view than an abatement of this appeal for a period of 6 months would facilitate settlement of this matter. Counsel for the parties have already begun to explore settlement, and the parties agree that additional time is necessary for these discussions to move forward. During this time, the parties would also be able to consider whether to employ the services of the Circuit Mediator."); Gov't Supplemental Br. at 2 ("The Government agrees that the parties should attempt to negotiate a resolution and that it would be appropriate to attempt to do so prior to remand to the board. The Government requests that the Court stay this matter for six months pending negotiations between the

parties."). We think that it is not necessary or appropriate to retain jurisdiction over this case in order to assist settlement, and a remand is not inconsistent with a mediated resolution. This court authorizes its mediator to assist the parties in achieving a mediated settlement after the remand.

IT IS ORDERED THAT:

(1) The Secretary is obligated to pay all of ASNA's contract support costs for fiscal years 1999 and 2000.

(2) This case is remanded to the Civilian Board of Contract Appeals for a calculation of the damages to which ASNA is entitled.


FOR THE COURT


August 22, 2012                    /s/ Timothy B. Dyk
        Date                       Timothy B. Dyk
                                   Circuit Judge

cc: Lloyd B. Miller, Esq.
    Michael N. O'Connell, Esq.